**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sterling Maybin, Appellant.

Appellate Case No. 2019-001543

---

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-358
Submitted October 15, 2021 – Filed October 20, 2021

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**PER CURIAM:** Sterling Maybin appeals his convictions for two counts of second-degree burglary.[1]  On appeal, Maybin argues the trial court erred by failing to direct a verdict on the offense of second-degree burglary because open-air carports do not meet the statutory definition of a building.

Because there was evidence Maybin took lawn equipment and tools from the victims' open-air carports, the trial court did not err by denying his motion for a directed verdict.  Thus, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Middleton*, 367 S.C. 527, 529, 626 S.E.2d 74, 75 (Ct. App. 2006) ("In reviewing the denial of a directed verdict motion, the evidence is viewed in the light most favorable to the State to determine if any direct or substantial circumstantial evidence exists that reasonably tends to prove the defendant's guilt or from which guilt may be fairly and logically deduced."); S.C. Code Ann. § 16-11-312(B)(2) (2015) ("A person is guilty of burglary in the second degree if the person enters a *building* without consent and with intent to commit a crime therein, and . . . [t]he burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both . . . ." (emphasis added)); S.C. Code Ann. § 16-11-310(1)(b) (2015) (defining "building" for the purposes of section 16-11-312 as "any structure . . . where goods are stored"); *Middleton*, 367 S.C. at 530, 626 S.E.2d at 76 ("Criminal statutes must be strictly construed against the State.  However, words in a statute must be given their plain and ordinary meaning.  Our courts take a common sense approach in defining the terms associated with the burglary statutes." (citations omitted)); *Goods*, *Black's Law Dictionary* (11th ed. 2019) ("Tangible or moveable personal property other than money; esp., articles of trade or items of merchandise . . . .").

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] Maybin was also convicted of three counts of petit larceny during the same trial; the trial court sentenced him to a cumulative sentence of twenty years' imprisonment.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.